# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DEWANN BULLS,** | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 19-156 |
| v. | ) |
| **FBI**, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff Dewann Bulls ("plaintiff"), *pro se*, filed an "Application to Proceed in District Court Without Prepaying Fees or Costs," (ECF No. 1), with an attached complaint that names as defendant the "FBI" ("defendant"), otherwise known as the Federal Bureau of Investigation.

Plaintiff seeks leave to proceed *in forma pauperis* based upon a showing of indigence. Gray v. Martinez, 352 F. App'x 656, 658 (3d Cir. 2009) (indicating that in "this Circuit, . . . if [the court] is convinced that [plaintiff] is unable to pay the court costs and filing fees, the court will grant leave to proceed *in forma pauperis* . . . [and] thereafter considers the separate question whether the complaint should be dismissed."). Pursuant to 28 U.S.C. § 1915(e), prior to ordering service of the complaint without payment of the filing fee, however, the court must dismiss the case if it determines that the action is "frivolous or malicious," 28 U.S.C. § 1915(e)(2)(B)(i), or "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii). Roman v. Jeffes, 904 F.2d 192, 195 (3d Cir. 1990) ("[T]he appropriate time to make a decision to dismiss a case pursuant to § 1915 is before service of a complaint."). Additionally, under Federal Rule of Civil Procedure 12(h)(3), "[i[f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

The purpose of the *in forma pauperis* statute, 28 U.S.C. § 1915, is to assure equal and meaningful access to the courts for indigent litigants. Neitzke v. Williams, 490 U.S. 319, 324, 329 (1989). Congress also provided in the *in forma pauperis* statute for dismissal of complaints under certain circumstances in order to "prevent abusive or captious litigation" that could result because a plaintiff proceeding *in forma pauperis* does not have the economic incentive ordinarily created by otherwise required filing fees and costs to refrain from filing frivolous, malicious or repetitive lawsuits. Neitzke, 490 U.S. at 324.

A complaint filed pursuant to the *in forma pauperis* statute is subject to preservice dismissal under § 1915(e)(2)(B)(i)[1] where it is based upon indisputably meritless legal theory or factual assertions that are clearly baseless. Neitzke, 490 U.S. at 327. In determining whether the factual assertions are clearly baseless, and the complaint therefore is frivolous, the court may pierce the veil of the complaint and need not accept its allegations as true. Denton v. Hernandez, 504 U.S. 25, 33 (1992). Examples of baseless claims include "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Neitzke, 490 U.S. at 328. Additionally, as provided for expressly by § 1915(e)(2)(ii), the court must dismiss the complaint preservice if it fails to state a claim on which relief can be granted, applying the same standard for dismissing a claim under Federal Rule of Civil Procedure 12(b)(6). Scheib v. Butcher, Civ. Act. No. 14-cv-1247, 2014 WL 4851902, at * 1 (W.D. Pa. Sept. 25, 2014).

The statement in the complaint of plaintiff's claim against defendant alleges that:
- he found an eavesdropping device, i.e, a camera with audio and visual recording capabilities, hidden by defendant in his residence in an electrical outlet in his bathroom;

---

[1] Section 1915(e)(2)(B) was formerly codified at § 1915(d).

- the installation of the device in his bathroom was an unreasonable search in violation of his rights guaranteed by the Fourth Amendment to the United States Constitution;

- he is seeking punitive damages of two million dollars; and

- he is seeking damages for humiliation of 6.5 million dollars.

(ECF No. 1-1 at 6-8.) Plaintiff also filed with the court as exhibits in support of his complaint photographs of an outlet, an item he purports to be the eavesdropping device installed in his bathroom outlet, and other eavesdropping devices he found in other rooms of his home. (ECF Nos. 1-3 and 1-4.)

Upon review of the complaint, and giving it the most liberal construction, Erickson v. Pardus, 551 U.S. 89 (2007), the court determines it fails to state a claim. The Court of Appeals for the Third Circuit in affirming the dismissal of claims brought against the FBI in Smith v. Luzerne County FBI Agency, 517 F. App'x 65 (3d Cir. 2013), observed:

> Smith's complaint fails to state a cause of action to the extent that Smith intended to bring a suit against the FBI. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." FDIC v. Meyer, 510 U.S. 471, 475, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (citations omitted). Here, there are no allegations that the United States waived immunity. Therefore, Smith has not stated a viable claim against the defendant.

517 F. App'x at 66-67. Plaintiff provided no allegations that the United States waived immunity and, therefore, the complaint must be dismissed for failure to state a claim. Additionally, the court determines that the allegations are fantastic and delusional, and thus baseless, Neitzke 490 U.S. at 328, and will dismiss the complaint as frivolous as well.

Ordinarily, upon dismissing a complaint a court must grant plaintiff the opportunity to amend, if amendment can cure the deficiencies in the complaint. Where, however, amendment cannot cure the deficiencies, amendment would be futile and the court may dismiss the complaint without leave to amend. Grayson v. Mayview State Hosp., 293 F.3d 103, 112-113 (3d

3

Cir. 2002) ("[D]ismissals of frivolous claims do not require leave to amend."). The court determines that there are no additional facts plaintiff could plead that would overcome the deficiencies in his complaint. Accordingly, the court will dismiss the complaint with prejudice and without leave to amend. Plaintiff's request to proceed *in forma pauperis* (ECF No. 1) and the motion for court to watch YouTube videos filed by plaintiff will be denied as moot (ECF No. 2).

    An appropriate order follows.


Dated: September 6, 2019                                    BY THE COURT,

                                                               s/ Joy Flowers Conti
                                                               Joy Flowers Conti
                                                               Senior United States District Judge

cc:     DeWann Bulls
        705 Lorenze Ave., Apt. 1
        Pittsburgh, PA 15220